

**UNITED STATES DISTRICT COURT**
for the

**EASTERN DISTRICT OF LOUISIANA**

Narissa Dawn Bradford,
Plaintiff,

vs.

the law firm of Gauthier, Houghtaling & Williams, LLP
James M. Williams, Esq.
Earl G. Perry, Esq.
Defendants

**13- 2407**

**SECT. H MAG. 4**

Plaintiff Narissa Dawn Bradford brings forth the following causes of action and alleges the following:

1. Plaintiff is an individual residing in 102 Lavender Lane, Starkville, Mississippi 39759, Oktibbeha County, USA

2. Defendant/s is a law firm in the name of Gauthier, Houghtaling & Williams, LLP, Earl G. Perry, Esq. and James M. Williams, Esq., and at the time of this complaint, resides in 3500 N. Hullen, Metairie, Louisiana 70002, Parish of Jefferson, USA

**COMPLAINT**

COMES NOW, the Plaintiff Narissa Dawn Bradford (hereinafter referred to as "Narissa"), Pro Se, and files this complaint before this Honorable Court for an entry of judgment in her favor against the law firm Gauthier, Houghtaling & Williams, LLP, ("Law Firm"), James M. Williams, Esq., and Earl G. Perry, Esq., (hereinafter collectively referred to as "Attorneys"/"Defendants").
In support of such Complaint, Narissa avers as follows:

**NATURE OF ACTION AND JURISDICTION**
1.

This is a civil action seeking damages against Defendants for violations of the Louisiana Rules of Professional Conduct arising to breach of contract and fiduciary duties.

**A. General Allegations Regarding Jurisdiction and Venue**
2.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332 as the parties in this matter are citizens of different states and the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

3.

This Court has personal jurisdiction over Defendants, as sufficient minimum contacts with the state of Louisiana exist. Defendants market and provide legal services in the State of Louisiana to businesses, including but not limited to, Narissa.

TENDERED FOR FILING
APR 22 2013
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee  $350.⁰⁰
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

4.

This Court is the appropriate venue and the Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332 to obtain a judgment including the costs of suit, reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff caused by the Defendants' breach of contract and fiduciary duties.

### B. Allegations Supporting Personal Jurisdiction over the Defendants

5.

All allegations set forth infra are incorporated by reference into this subsection B.

6.

Defendants provided to Narissa legal services relating to her dispute with Franco Colosio . Narissa depended wholly on the Defendants to secure her justice. Defendants assured and counselled her about resolution of dispute. Defendants engaged the services of an Italian Attorney to fight her case in Italy and guided and coordinated with the Attorney in the case.

7.

Throughout the period of the attorney-client relationship, Defendants interacted and communicated with Narissa until June 2012.

8.

On 1 occasion, James M. Williams, Esq., acting on behalf of Defendants, traveled to Italy for the purpose of providing legal services to Narissa.

### PARTIES

9.

Plaintiff is an individual residing at 102 Lavender Lane, Starkville, Mississippi 39759, Oktibbeha County, USA.

10.

Defendant Gauthier, Houghtaling & Williams, LLP, is a law firm. At present the defendant is located in 3500 N. Hullen, Metairie, Louisiana, 70002 at Parish of Jefferson /duly formed and existing under the laws of the State of Louisiana. Defendant may be served with process at this address.

11.

Defendant James M. Williams, Esq., is an Attorney and Partner of Gauthier, Houghtaling & Williams, LLP, located in 3500 N. Hullen, Metairie, Louisiana, 70002 at Parish of Jefferson. Defendant may be served with process at this address

12.

Defendant Earl G. Perry, Jr., Esq. is an Attorney of Gauthier, Houghtaling & Williams, LLP, located in 3500 N. Hullen, Metairie, Louisiana, 70002 at Parish of Jefferson. Defendant may be served with process at this address.

### FACTS

### EXHIBIT – A

13.

On January 24, 2012, the plaintiff contacted the defendant Earl. G. Perry, Esq., in regard to book proposals.

14.

On February 16, 2012, the plaintiff travelled to Metairie, Louisiana for a meeting with the

defendants Earl G. Perry, Esq. and James M. Williams, Esq. The meeting took place at the Defendants' Law Firm, Gauthier, Houghtaling & Williams, LLP, located in 3500 N. Hullen, Metairie, Louisiana, 70002 at Parish of Jefferson.. The defendant proposed to the plaintiff a representation on her civil proceedings filed in Italy against her ex companion. The defendants' objective was for an out of court settlement.

15.

During March 2012, the defendants retained the Attorney Carlo Rimini, as legal domiciliary in Italy. Attorney Carlo Rimini contacted Attorney Marco Chiari, plaintiff's ex attorney in regard to the attorney's relationship with the plaintiff.

16.

On March 22, 2012, the defendants informed the plaintiff of the need for a legal domicile for her civil proceedings filed in Italy against her ex companion, Franco Colosio. The defendant contacted several Italian law firms. The defendant wanted to use the plaintiff's ex attorney, Marco Chiari. The plaintiff pointed out to the defendant that she had a dispute with Attorney Marco Chiari that led to the termination of his mandate and the plaintiff did not trust the professionalism of this attorney anymore.

17.

Around March 25, 2012, the defendant retained the Attorney Carlo Rimini as legal domiciliary in Italy. Attorney Carlo Rimini contacted Marco Chiari, plaintiff's ex attorney in regards to the attorney's relationship with the plaintiff. On April 12, 2012, Defendant paid Attorney Carlo Rimini 5,850,00 Euro for Legal Consultation.

18.

On April 6, 2012, the Court of Appeals in Milan, Italy, rejected the motives of the Brescian financier Emilio Gnutti and confirmed the judgment of Judge Michele Montingelli to Narissa Bradford's attorney, David Steccanella. The defendants advised the plaintiff to postpone this hearing. The plaintiff opposed and 24 hours before the hearing, contacted an Italian lawyer. The plaintiff won the appeal without the defendants' assistance.

19.

On April 13, 2012, the plaintiff and the defendant executed a written contract (State of Louisiana, Parish of Jefferson) sent by email, which is attached as Exhibit B, and incorporated herein by reference.

20.

Under the terms of the Exhibit B, the plaintiff employed, retained, and authorized the services of the defendants for an out of court settlement on her civil proceedings filed in Italy against her ex companion, Franco Colosio.

21.

On April 19, 2012, the Italian Attorney Marco Chiari contacted the plaintiff by email informing her that the defendant's legal domiciliary in Italy, Attorney Carlo Rimini, had contacted him at the defendants' request.

22.

On May 4, 2012, the plaintiff, the defendant in the name of James M. Williams, Esq. and the Attorney Marco Chiari (defendant's legal domiciliary in Italy) executed the written contract which is attached as Exhibit C and incorporated herein by reference.

23.

On May 5, 2012, the above mentioned Exhibit C arrived at the plaintiff's home in Mississippi by Federal Express from Metairie, Louisiana. The plaintiff signed the contract and sent it back the same day to the law firm of Gauthier, Houghtaling & Williams, LLP, located in 3500 N. Hullen, Metairie, Louisiana, 70002 at Parish of Jefferson.

24.

Under the terms of Exhibit C, the defendant/s in collaboration with the Italian Attorney Marco Chiari, promised to represent and defend the plaintiff at every stage and level of civil, criminal and related acts in Italy. This included the execution process and the eventual judgment of opposition, in

every form of law. This also included the power to withdraw documents, present charges and pleadings before the Italian Public Prosecutor's office, as well as to travel to Italy to represent the plaintiff's rights and act on her behalf. Despite being written in Exhibit C that the plaintiff is represented for the civil and the criminal proceedings, defendant never took interest in these criminal proceedings.

25.

The defendant guaranteed the plaintiff that the legal consultation would be regulated by Exhibit C and that the defendant would directly manage the Italian Attorney Marco Chiari.

26.

On May 10, 2012, once in Italy, the defendant in the name of James M. Williams, Esq. officially entered into the courtroom, along with the Attorney Marco Chiari and participated at the hearing of the conclusion phase of the civil proceeding at the Court of Brescia, Italy. The defendant filed a request with the Judge/ Court for the suspension of the conclusion of the civil proceeding.

27.

On May 10, 2012, the Italian Court granted the defendant's request, suspending the conclusion of the civil proceeding. The Judge/Court also granted the defendant 90 days to deposit an integration of documents summarizing the reasons that prove the validity of the defendant's request.

28.

The fact that the Judge suspended the conclusions of the civil proceeding and also reserved the right to evaluate the defendant's Supplemental Deposition was very significant. This meant that the defendant and the plaintiff had the opportunity to put forward all the documents that had not been previously accepted.

29.

On June 26, 2012, Attorney Marco Chiari predisposed a Supplemental Deposition and on June 26, 2012, sent the following email along with the Supplemental Deposition for approval to the defendant in the name of James M. Williams, Esq.:
"Attorney James Williams, 47 days have elapsed from the civil hearing in Brescia, Italy (May 10, 2012), and the plaintiff has asked me to prepare the written submission for the Judge/Court (considering we have less than 2 weeks), and the charges against Emilio Gnutti for slander won on the appeal in Milan on April 6, 2012 as well as the charge for perjury against Franco Colosio by Friday, June 29, 2012. I ask, therefore, to know by tomorrow morning, June 26, 2012, if there are any new developments from Franco Colosio's lawyers and what is your immediate strategy." James M. Williams, Esq. failed to respond.

30.

On June 29, 2012, Attorney Marco Chiari filed the Supplemental Deposition with the Court of Brescia, Italy without the supervision of James. M. Williams, Esq..

31.

On July 6, 2012, Attorney Marco Chiari filed charges against Emilio Gnutti for slander and Franco Colosio for perjury on behalf of the plaintiff. Despite several calls and emails to the defendant's office explaining the urgency of the situation, the defendant failed to return the plaintiff's phone calls or respond to Attorney Marco Chiari emails. In the absence of any response, Attorney Marco Chiari was compelled to present further submissions without the defendant's approval. As of today, the plaintiff has not received any news about these proceeding.

32.

On September 13, 2012, at the civil court proceeding, which the plaintiff brought against her ex companion in Italy, the Judge/Court reached the conclusion of the civil trial and acquitted her companion Franco Colosio and ordered the plaintiff to pay around 100,000 EURO in addition to Attorney fees. The supplemental deposition prepared by Attorney Marco Chiari, without the supervision of the defendant, was considered insignificant by the Italian Court and the Judge/Court dismissed Attorney Marco Chiari's civil petition, effectively ruling in favor of the plaintiff's counterpart/adversary. Due to the defendant's representation, the plaintiff lost the civil proceedings

for which she fought over ten years of her life.

33.

The plaintiff expressed a strong intention to file an appeal and requested the defendant as well as Attorney Marco Chiari to file the necessary paperwork. Despite several calls to the defendant's office explaining the urgency of the situation, the defendant failed to return the plaintiff's phone calls.

34.

On November 2, 2012, the Attorney Marco Chiari pointed out to the plaintiff that the defendant did not respond to the requests sent by email concerning his professional duties in Italy and the defendant failed to pay $600.00 in translation costs. Despite several calls to the defendant's office leaving messages with the secretary explaining the urgency of the situation, the defendant failed to return the plaintiff's phone calls.

35.

On November 2, 2012, Attorney Marco Chiari asked the plaintiff the payment of the unified contribution and the defendant's $600.00 for the invoice in translation costs. Attorney Marco Chiari placed such conditions as a prerequisite not to proceed to file this appeal.

36.

On November 2, 2012, plaintiff made reference to Attorney Marco Chiari's contractual obligations.

37.

On November 3, 2012, Attorney Marco Chiari refused to file the appeal on the Civil proceedings in the Courts of Brescia, Italy. One of the reasons that Attorney Marco Chiari refused to file the appeal is because the defendant had not paid any translation costs. Despite several calls to the defendant's office leaving messages with the secretary explaining the urgency of the situation, the defendant failed to return the plaintiff's phone calls.

38.

On November 4, 2012, the plaintiff sent an email as well as a registered mail to the defendant, Attorney Marco Chiari in Italy, to the Court of Appeals in Brescia, Italy, to the Bar Association in Italy and also to the secretary of the State in Mississippi with an explanation of the defendant and Attorney Marco Chiari's refusal to file the appeal.

## COUNT ONE:
## VIOLATIONS OF LOUSIANA'S RULES OF PROFESSIONAL CONDUCT

39.

Plaintiff reiterates the allegations set forth supra as if specifically realleged herein.

40.

During representation of Narissa, Defendants violated Rule 1.2(a) of Louisiana's Rules of Professional Conduct. Defendants did not abide by Plaintiff's decisions concerning the objectives of representation, and, as required by Rule 1.4. Defendants did not consult the plaintiff and carried out actions not authorized by the Plaintiff.

41.

Defendants did not act with reasonable diligence and promptness in representing the Plaintiff and thereby violated Rule 1.3 of Louisiana's Rules of Professional Conduct.

42.

Defendants did not respond and avoided communications from the Plaintiff violating Rule 1.4 of Louisiana's Rules of Professional Conduct.

43.

Defendants did not continue to represent the Plaintiff and did not respond to her and Italian Attorney's requests for assistance. By such action Defendants violated Rule 1.16 of Louisiana's Rules of Professional Conduct.

44.

Defendants violated Rule 2.1 of Louisiana's Rules of Professional Conduct by not providing proper advice to the Plaintiff.

45.

Defendants violated Rule 5.1 of Louisiana's Rules of Professional Conduct by allowing its lawyers in the firm not conforming to the Rules of Professional Conduct.

46.

Defendant Earl G. Perry, Esq. violated Rule 4.4 of Louisiana's Rules of Professional Conduct by causing embarrassment to the plaintiff as well as the plaintiff's Italian business partner, Valeria Miriam Barizza, by citing her name to third parties. Defendant Earl G. Perry, Esq., also violated the trust and confidentiality of the attorney-client relationship by sending message via email on April 3, 2012 to Ms Sandra apologizing (a person that the plaintiff does not know), sending copies to third parties of facts related to plaintiff's legal case.

## COUNT TWO:
## BREACH OF CONTRACT

47.

Plaintiff reiterates the allegations set forth supra as if specifically realleged herein.

48.

An attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large. When an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large. This duty clearly encompassed an obligation of good faith and fair dealing. It also encompassed an obligation to refrain from violating the Louisiana Rules of Professional Conduct.

49.

Plaintiff Narissa entered into a contract with Defendants for legal services. Defendants breached this contract with Plaintiff when Defendants did not provide the legal services expected of them and violated the Louisiana Rules of Professional Conduct. This breach directly caused the Plaintiff's damages which are, inter alia, the monetary damage/compensation claimed in Italian court.

50.

Defendants had a duty to render those legal services in a manner that adhered to the Louisiana Rules of Professional Conduct. Defendants breached this duty to Plaintiff when Defendants did not respond to the telephone calls and emails of the Plaintiff and the Attorney engaged by the Defendants in Italy.

51.

Plaintiff alleges that the Defendants' breach of this duty as envisaged in the contract with the Plaintiff directly caused extensive damage to plaintiff's legal proceedings which include, inter alia, the monetary damage/compensation claimed in Italian court.

52.

Defendants are licensed professionals who deviated from an acceptable professional standard and breached their fiduciary and contractual duties to Plaintiff Narissa. Despite of having a contract with the defendant, the plaintiff does not know the status of the open court cases in Italy. As of this date, neither Defendant nor Attorney Marco Chiari has notified the plaintiff of the acts of the Italian Courts. The plaintiff believes, from a legal point of view, that at the present moment none of her rights as an American citizen is protected either in Italy, or in America.

53.

Defendants had a professional obligation to not only help their Italian counterpart in pursuing the case but also respond and guide the plaintiff properly. Plaintiff alleges that the defendants, in violation of the contractual terms, neglected every form of legal representation to the plaintiff by

not responding to phone calls or emails.

54.

Defendants' actions showed a reckless indifference and wanton disregard to the rights of Narissa by not responding to telephone calls and emails, failing to properly pursue the suit and obtain relief to the Plaintiff and also follow the instructions of the Plaintiff. Plaintiff alleges that the defendants failed to perform their remaining work as agreed in the contract. Plaintiff has not been informed verbally nor in writing by the defendants about what happened on May 10, 2012 during the hearing in Italy for the Civil proceeding where the defendant participated with Attorney Marco Chiari.

55.

The plaintiff's image of being an international business women suffered serious damages by being not properly represented by the Defendants. On May 31, 2012, the plaintiff stressed to the defendant the importance of her image in regard to the media. The plaintiff, being CEO and President of a publishing and media company in Italy and CEO and President of a communication and media company in America (USA) (www.vademecumlowcost.com), cannot accept that her current image is that of a woman who requested 100 million euro from her ex companion. She also cannot accept the fact that she now has to pay around 100,000 euro consequent to a court judgment in Italy. The plaintiff's image in the Media does not account for her professional role and she cannot be described as unreliable or controversial towards important international partners with whom she collaborates with. The Defendants refused to let the plaintiff publish a book to officially clarify her arguments and also to rectify what had been inaccurately written about her.

As a direct and proximate result of Defendants' intentional omissions, Plaintiff did not receive Defendants' services consistent with Defendants' fiduciary duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Narissa requests that after due proceedings are had, there be judgment in favor of Narissa Dawn Bradford granting damages in the amount of $30,000,000.00 (30 million U.S. dollars) and punitive damages, attorney's fees, costs and all other general and equitable relief, with legal interest as allowed by law paid by Defendants to Narissa Dawn Bradford.

The plaintiff intends to quantify the serious damages that have been made against her image and her professionalism worldwide.

Finally, Plaintiff seeks any further relief which the court may deem appropriate.

Respectfully submitted,
By: _____
Narissa Dawn Bradford- Pro Se
Date: 4/19/2013