UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NARISSA DAWN BRADFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO:       13-2407** |
| **THE LAW FIRM OF GAUTHIER, HOUGHTALING & WILLIAMS, LLP, ET AL.** | **SECTION: "H" (4)** |

**ORDER**

Before the Court is Plaintiff's **Motion for Leave to File Second Amended Complaint (R. Doc. 25)**, seeking leave of court to file a second amended complaint due to the alleged "significant factual and procedural developments that have occurred since the [filing of her first amended] complaint" on July 29, 2013. *See* R. Doc. 25, p. 1. The motion is unopposed. The underlying motion was heard on the briefs on November 13, 2013.

**I.     Background**

Plaintiff, Narissa Dawn Bradford ("Bradford"), a resident of Mississippi, filed this action on April 22, 2013, pursuant to 28 U.S.C. §1332, against the Law Firm of Gauthier, Houghtaling & Williams, LLP., James Williams, Esq., and Earl G. Perry, Esq. (collectively "Defendants"). *See* R. Doc. 1. In her initial and first amended complaint, Bradford alleged that the Defendants breached their fiduciary duties and violated Louisiana Rules of Professional Conduct. *Id.* She also alleged breach of contract against Defendants, for which she allegedly suffered general damages in excess of

$30,000,000, punitive damages, and "all other general and equitable relief." *Id.* at 7.[1]

This Court issued a Scheduling Order on June 25, 2013, providing that all amendments to pleadings were to be filed no later than July 26, 2013. *See* R. Doc. 11, p. 2. However, on July 30, 2013, the presiding District Judge vacated all the previously ordered deadlines. *See* R. Doc. 16. As of yet, no new deadlines have been set.

As to the instant motion, Bradford seeks leave of Court to file a second amended complaint on the grounds that there has been significant procedural and factual developments that have occurred since the filing of her first amended complaint, on July 26, 2013. *See* R. Doc. 25. Specifically Bradford alleges that the "GHW Defendants Production of Documents" she received from Defendants on August 21, 2013, indicate "(1)fraudulent acts (2) perjury (3) concealing of documents (4) scrambling of documents and (5) non-fulfillment on behalf of the GHW Defendants." *Id.* She now seeks to amend her first amended complaint to add the above referenced claims.

**II.   Standard of Review**

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to

---

[1]Bradford filed an amended complaint on July 29, 2013, which allege largely the same allegations as the initial complaint, but includes a 76 page attachment of exhibits, as well as more specific factual allegations in each of the numbered paragraphs. *See* R. Doc. 15.

amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

**III**.   **Analysis**

In determining whether or not granting leave to amend is proper, the Court analyzes the *Gregory v. Mitchell* factors. The factors are: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Id.*

    **A.**   **Undue Delay, Bad Faith, Dilatory Motive of Movant**

The first factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The Fifth Circuit has indicated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely

because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 698 F.2d 562, 584 (5th Cir. 1982) (finding that delay of four months between time pro se attorneys were assigned to case and time second amended complaint was filed did not warrant denial of motion to amend).

On the other hand, the bare fact that an amendment is filed within the confines of the Court's Scheduling Order does not alone make a claim timely. *See Mayeaux,* 376 F.3d at 427. Instead, the Court must look to the "procedural posture" of the case to determine whether the delay actually prejudices the nonmovant. *See id*. at 426-27 ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") (emphasis in original). The Fifth Circuit has held that when leave to amend would cause severe prejudice to defendants, it should be denied. *Mayeaux,* at 427; *Smith v. RMC Corp.,* 393 F.3d at 595-97 (5th. Cir. 2004).

At the time of Bradford's filing of the instant motion, no new deadlines have been set, as the Court vacated all previous deadlines on July 30, 2013. *See* R. Doc. 16. As such, Bradford's motion is timely filed. Although Bradford's underlying motion for leave indicates that some discovery has begun, because no deadlines are set, there is not likely any undue delay or bad faith on Bradford's part in filing her second amended complaint. Lastly, Defendants' have failed to oppose the motion and provide reasons why permitting Bradford's filing would cause an undue delay or that she has a dilatory motive or strategy behind her filing. Therefore, the Court finds that this factor weighs in favor of permitting leave to amend.

> **B.** **Repeated failure to cure deficiencies by amendments previously allowed**

The second factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the party has previously filed repeated amendments before filing the instant motion.

Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

This is only Bradford's second attempt to amend her complaint, for which she argues is due to the recent "factual and procedural" developments she discovered upon Defendants' responses to her discovery requests. *See* R. Doc. 25, pp. 1-2. As such, the Court finds that there has not been "repeated" failures by Bradford to amend or "cure" alleged defects in her pleading; therefore, this factor weighs in favor of granting the proposed amendments.

### C. **Undue prejudice to the opposing party by virtue of allowance of the amendment**

The third factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue prejudice to the opposing party.

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC,* 2013 WL 1288219, at *4 (E.D. La. Mar. 23, 2013); *In re American International Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir.2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew.").

Here, Bradford's initial and first amended complaint allege breach of contract, violations of Louisiana's rules on professional conduct, amongst allegations of gross negligence and that the GHW Defendants breached the fiduciary duties they owed to Bradford in providing her legal reputation. *See*

5

*e.g.,* R. Docs. 1, 15. In her second amended complaint, Bradford presents these same allegations, but provides more factual details than she provided in the first two complaints due to what she claims is "recently discovered evidence" upon receipt of Defendants responses to her interrogatories and requests for production of documents. *See* R. Doc. 25-3.[2]

Bradford's new allegations include "(1) fraudulent acts (2) perjury (3) concealing of documents (4) scrambling of documents . . . (5) non-fulfillment on behalf of the GHW Defendants, (6) violation of privacy and (7) refusal to file an important opposition documents." *See* R. Doc. 25, p. 1-3. These allegations center around the documents that the GHW Defendants produced in response to Bradford's discovery requests, and do not fundamentally alter the nature of the action already filed against Defendants. If anything, Bradford's proposed pleading provides additional facts and documents which may further support her allegations of the Defendants' purported breach of their fiduciary duty, breach of contract, and gross negligence. Furthermore, Defendants have failed to timely oppose Bradford's motion, therefore it has not presented evidence as to how the allowance of this amendment would be unduly prejudicial to it. As such, the Court finds that this factor weighs in favor of granting leave to amend the complaint.

### D.    **Futility of the amendment**

The fourth factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment, and or potential new claims are futile. Here, Bradford alleges several new claims that have not been raised in either of her prior complaints. Four of these claims are "concealing of documents, non-fulfillment on behalf of GHW Defendants, refusal to file

---

[2] For example, Bradford added nearly six pages of references to bate-stamped email documents that she attached to her motion in disc format, which were not included in such detail in her first two pleadings with the Court regarding Defendants' alleged failure to officially provide her with information of the pending criminal and civil legal proceedings in Italy. *See* R. Doc. 25-3, p. 12-18.

an important opposition document [and] scrambling of documents." *See* R. Doc. 25, p. 1. The Court finds that these claims are not "new" but instead clarify factual allegations regarding Bradford's legal malpractice claim against the GHW Defendants for their alleged failure to return her complete client file and produce all relevant documents. As such, the Court finds to be more akin to a more definite statement of how Defendants may have breached their fiduciary duties or acted grossly negligent, versus entirely new claims of relief.

Bradford also alleges "fraudulent acts" as a part of her second amended complaint. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir. 1997). The elements of fraud include: "1) a misstatement or omission; 2) of material fact; 3) made with the intent to defraud; 4) on which the plaintiff relied; and 5) which proximately caused the plaintiff's injury." *Williams,* 112 F.3d at 177; *see also Cyrak v. Lemon,* 919 F.2d 320 (5th Cir.1990).

Rule 9(b) of the Federal Rules of Civil Procedure require the circumstances constituting fraud to be pled with "particularity." Fed. R. Civ. Pro. 9(b). Under Rule 9's particularity requirement, the party asserting the fraud claim must allege "the existence of acts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir.1994) (citing *Askanase v. Fatjo,* 148 F.R.D. 570, 574 (S.D.Tex.1993); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 ("the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent"). "At a minimum, Rule 9 requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir.2005).

The Fifth Circuit has held that pleading fraud with particularity requires, "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation, and what [that person] obtained thereby." *Williams,* 112 F.3d at 177; *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994); *see also Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir.1994); *Shushany v. Allwaste,* 992 F.2d 517, 520 (5th Cir.1993). The defendant's state of mind, such as "malice, intent, knowledge and other conditions of a person's mind," however, may be generally averred. *See e.g. Collmer v. U.S. Liquids, Inc.*, 268 F.Supp.2d 718, 723 (S.D.Tex.2003).

Here, the Court finds that Bradford, although a *pro se* Plaintiff, has alleged "fraudulent acts," her amended complaint fails to plead with specificity or particularity which of the allegations properly constitutes fraud.  As such, the Court finds that she has failed to properly allege a claim of fraud. *Williams,* 112 F.3d at 177.

As to Bradford's claims of perjury, much like Bradford's claims of fraud, the Court finds that although she references the perjury charges pending in Italy, she fails to state how the GHW Defendants committed perjury in the instant action. *See* R. Doc. 25-3, p. 6-7. Perjury in a civil action, is defined as the "intentional making of a false written or oral argument in or for use in a judicial proceeding, any proceeding before a board or official. . . under a sanction of oath or an equivalent affirmation and must relate to matter material to the issue or question in controversy." La. Rev. Stat. § 14:123.  Here, there are no factual allegations which specify what Bradford believes constitutes her claims of perjury as to the GHW Defendants. Therefore, to allow this amended claim would be futile based on the pleading presented before the Court.

The remainder of Bradford's motion presents factually similar claims in comparison to her initial and first amended complaints. Therefore, the Court finds that the claims of "concealing of

documents, non-fulfillment on behalf of GHW Defendants, refusal to file an important opposition document [and] scrambling of documents" filed as part of her second amended complaint are not futile, and weigh in favor of granting leave to amend.

In conclusion, the Court finds that all four factors weigh in favor of granting leave to amend Bradford's complaint as to the claims of "concealing of documents, non-fulfillment on behalf of GHW Defendants, refusal to file an important opposition document [and] scrambling of documents." As to the claims of fraudulent acts and perjury, however, the Court finds that these claims are futile, as Bradford has failed to state a claim for which relief may be granted.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Narrisa Bradford's **Motion for Leave to File Second Amended Complaint (R. Doc. 25)** is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff has no later than **fifteen days** from the issuance of this Order to file its amended complaint into the record, so as to comply with the findings of this Order.

New Orleans, Louisiana, this 3rd day of December 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**