UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NARISSA DAWN BRADFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-2407** |
| **GAUTHIER, HOUGHTALING & WILLIAMS, LLP** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment. For the following reasons, the Motion is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

## BACKGROUND

This is a civil action for legal malpractice under Louisiana law. Plaintiff Narissa Bradford, proceeding *pro se*, is a former client of Defendant–Attorneys James Williams, Earl Perry, and the law firm Gauthier, Houghtaling & Williams, LLP in Metairie, Louisiana. Plaintiff retained Defendants to

1

represent her in an ongoing legal proceeding in Italy.  Plaintiff alleges that Defendants were negligent in their representation of her, resulting in the loss of her claim and a judgment against her for litigation costs and compensatory damages for abuse of process.

Plaintiff's allegations of negligence arise out of a civil action brought by Plaintiff against her former companion in an Italian court in July of 2003 ("the Italian civil suit").  In that case, Plaintiff alleged that her former companion, Franco Colosio, had agreed to pay her the monthly amount of $50,000 for her life after their romantic relationship ended.[1]  Plaintiff retained Defendants to represent her in this ongoing matter in February of 2012.  At this time, the case had been pending for nine years, and the evidentiary portion of the litigation had been closed since September 16, 2010.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

---

[1] Mr. Colosio argued, and the Italian court agreed, that neither a romantic relationship nor a compensation agreement ever existed between Mr. Colosio and Plaintiff. R. Doc. 64-4.

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

---

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

## LAW AND ANALYSIS

In order to succeed in her claim for legal malpractice, Plaintiff must show "(1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence."[10]  Specifically, she has the burden of proving that Defendants "failed to 'exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in [their] locality.'"[11]  Defendants argue that Plaintiff has not met this burden because she has not provided expert testimony to establish either the standard of care or Defendants' breach of that standard.  Indeed, Plaintiff has not offered any expert testimony to rebut Defendants' expert.  In recognition of Plaintiff's *pro se* status, this Court extended the original deadline for the submission of Plaintiff's expert report from December 20, 2013, to June 6, 2014.[12]  On July 3, 2014, Plaintiff confirmed her decision to proceed without expert testimony by filing a "Waiver to Her Right to Utilize Expert Testimony And Seek Deposition."[13]

Typically, Louisiana courts require a plaintiff to retain an expert witness to establish both the duty and breach elements of a legal malpractice claim.[14]  The Louisiana Supreme Court has, however, identified one exception, namely

---

[10] *MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d 1173, 1184 (La. 2011).

[11] *Id.* (quoting *Ramp v. St. Paul Fire & Marine Ins. Co.*, 269 So.2d 239, 244 (1972)).

[12] R. Doc. 35.

[13] R. Doc. 67.

[14] *See MB Indus., LLC*, 74 So. 3d at 1184;  *Crescent City Prop. Redev. Ass'n, LLC v. Hardy*, 89 So. 3d 1270, 1273 (La. Ct. App. 4th Cir. 2012).

4

that "expert testimony is not necessary where the alleged legal malpractice is 'obvious' or the defendant attorney committed 'gross error.'"[15] Accordingly, because Plaintiff has not filed expert testimony, the resolution of this Summary Judgment Motion turns on whether Defendants' alleged negligent conduct rises to this level of obviousness. This Court holds that it does not and that expert testimony should have been offered to prove both the standard of care and Defendants' breach of that standard.

The Louisiana Supreme Court has stated that an attorney's conduct is obviously negligent such that no expert testimony is required if a "lay person would recognize it as falling beneath the necessary standard of care."[16] The conduct must be of such a nature that it is within the "experience of the average juror."[17] For example, Louisiana courts have deemed the following acts to be sufficiently obvious such that expert testimony is not required: delivering a box of the client's document production to opposing counsel without first making copies;[18] failing to appear and defend the client at a hearing on a Motion for Contempt and Sanctions;[19] and failing to investigate the date of an accident and allowing the claim to prescribe.[20]

On the other hand, courts have held that decisions that call for the "exercise of professional judgment" require expert testimony in order for a jury

---

[15] *MB Indus., LLC*, 74 So. 3d at 1185.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Frisard v. State Farm Fire & Cas. Co.*, 979 So. 2d 494, 498 (La. Ct. App. 1st Cir. 2007).

[20] *Watkins v. Sheppard*, 278 So. 2d 890, 892 (La. Ct. App. 1st Cir. 1973).

to glean whether they fall below the standard of care of attorneys in the relevant locality.[21] Louisiana courts have deemed the following conduct too ambiguous to be easily recognized as malpractice by a lay jury: failing to timely file exceptions;[22] failing to file a motion for summary judgment;[23] failing to object to discovery pleadings;[24] advising a client to sign a compromise;[25] failing to seek a hearing;[26] failing to include certain additional claims in the petition;[27] withdrawing from the case only a few months before trial;[28] missing deadlines to add defendants or request a jury trial;[29] failing to ask certain questions of witnesses at trial;[30] failing to call certain witnesses to testify;[31] and failing to obtain an expert witness.[32]

Plaintiff's allegations of malpractice are innumerable, inconsistent, and ever-changing. Despite a moving target, this Court has attempted to distill her claims into five chief complaints and will address each in turn. This Court holds

---

[21] *Houllion v. Powers & Nass, et al.*, 530 So. 2d 680, 683 (La. Ct. App. 4th Cir. 1988); *Crescent City Prop. Redev. Ass'n, LLC*, 89 So. 3d at 1274 (". . . an evaluation of Attorney Hardy's trial tactics should be done by legal experts—not by laymen or judges.").

[22] *Frisard*, 979 So. 2d at 498; *U.S. Fid. & Guar. Co. v. E.L. Habetz Builders, Inc.*, CIV.A. 06-895, 2008 WL 850431 at *12 (W.D. La. Mar. 28, 2008).

[23] *Frisard*, 979 So. 2d at 498.

[24] *Id.*

[25] *MB Indus., LLC*, 74 So. 3d at 1185–86.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Houllion*, 530 So. 2d at 682.

6

that none of Defendants' alleged wrongful acts are so obviously negligent such that Plaintiff is excused from offering expert testimony.

*I. Failure to File Certain Documents*

First, Plaintiff alleges that Defendants failed to file certain documents in the proceeding to support her claim. Specifically, she alleges that Defendants failed to file affidavits of additional favorable witnesses. She claims that prior to retaining Defendants to represent her, she had instituted a separate suit for perjury against twelve of the witnesses who testified against her in the Italian civil suit. She alleges that the affidavits of these witnesses should have been filed into the Italian civil suit to prove that the testimonies of these witnesses were false.

The decision to call a certain witness is a trial tactic involving an attorney's professional discretion. This sort of discretionary decision is precisely the type of decision for which expert testimony is necessary to prove an attorney's negligence.[33] Indeed, the Louisiana Supreme Court has expressly stated that "[w]ithout the assistance of an expert, a lay jury would have no basis for deciding whether the decision to call a particular witness or introduce a certain document was within the standard of care for a reasonably competent attorney in the [relevant] area."[34] Because Plaintiff has not offered expert

---

[33] *Id.* ("The decision called for the exercise of professional judgment and the issue of whether the decision was not in keeping with the standard of care of reasonable prudent practicing attorneys in the area is not an "obvious" one."); *Crescent City Prop. Redev. Ass'n, LLC*, 89 So. 3d at 1274 (". . . an evaluation of Attorney Hardy's trial tactics should be done by legal experts—not by laymen or judges."); *MB Indus., LLC*, 74 So. 3d at 1185–86.

[34] *Id.* at 1186.

testimony, she cannot prove an essential element of her claim of legal malpractice as to this allegation of negligence. In addition, Plaintiff has offered no evidence of the result of the perjury suit, the contents of the alleged witness affidavits, or that the suit even occurred.

*II. Failure to Inform Plaintiff of Settlement Opportunity*

Second, Plaintiff complains that Defendants failed to inform her of the possibility of settlement. This allegation arises out of an e-mail sent to Defendants by an Italian attorney, Carlo Rimini, whom they had retained to provide "a report and a legal opinion about the civil case between Ms Bradford and Mr Colosio."[35] In this report, Mr. Rimini informed Defendants that he had contacted Mr. Colosio's attorney regarding settlement and that:

> [T]he only agreement possible provides that Ms Bredford [sic] abandons the case and Mr Colosio renounces to obtain legal expenses. Perhaps Mr Colosio could be inclined to pay a nearly symbolic sum. If you want, I can arrange for you a meeting with [his attorney], but I don't think that it [sic] worth traveling to Italy for this issue.

Rimini's comments were not a definitive proposal for settlement. Rather, they were a suggestion by a third party that Defendants might consider contacting opposing counsel to attempt settlement discussions, which even Rimini indicated would likely be futile. In deciding not to pursue this suggestion, Defendants were exercising their professional judgment. Again, this is the kind of decision

---

[35] R. Doc 64-3.

for which expert testimony is necessary to determine whether Defendants were negligent in failing to pursue this avenue.[36]

### III. *Failure to Appeal*

Likewise, Plaintiff alleges that Defendants were negligent in failing to appeal the Italian court's verdict against her. This Court is not prepared to say that the failure to appeal will never reach the requisite level of obviousness. However, there are two problems with Plaintiff's claim. First, Plaintiff has provided no evidence that she requested that Defendants pursue an appeal. Therefore, Defendants' decision not to appeal is another instance in which they exercised professional discretion. More importantly, Plaintiff has provided no evidence that an appeal could have been successful. Defendants' expert opines that there was no chance for a successful appeal.[37] "[I]t seems to me highly probable that, had an appeal been filed, the Court of Appeal would have dismissed it as inadmissible for lack of reasonable chances of success . . . in light of the overwhelming evidence on which the [lower court's] Ruling was based."[38] Indeed, the evidence against Plaintiff was so overwhelming that the lower Italian court imposed damages for abuse of process against Plaintiff and held that neither a sentimental relationship nor a compensation agreement ever existed between Mr. Colosio and Plaintiff.[39] Plaintiff has offered no evidence to rebut Defendants' expert. Failure to appeal under these circumstances is not so

---

[36] *MB Indus., LLC*, 74 So. 3d at 1185–86.

[37] R. Doc. 64-2 at p. 20.

[38] Id.

[39] R. Doc. 64-4 at p. 43.

obviously negligent such that Plaintiff is excused from offering expert testimony to prove negligence.

*IV. Failure to Communicate*

Fourth, Plaintiff complains that Defendants failed to keep her informed as to the progress of her case. The record shows that Defendants did communicate with Plaintiff on several occasions, and thus, any deficiencies in their communications are not so obviously negligent that an expert is not necessary to establish the requisite standard of care in client communications.

*V. Failure to Reinstate Media Image*

Lastly, Plaintiff alleges that Defendants were negligent in failing to help her reinstate her media image, which she claims had been tarnished by the pending Italian civil suit. Because this is not a task that attorneys frequently undertake, it is certainly not obvious that Defendants were negligent. This Court cannot determine that Defendants were negligent in their media relations without the aid of expert testimony establishing a standard of care that they should have followed. Plaintiff offers no expert testimony to establish what Defendants should have done to improve her media image. In addition, Plaintiff has not even provided evidence that this task was within the scope of the agreed upon representation.

In addition to the complexity of the complaints raised by Plaintiff, her claims are particularly ripe for expert testimony because of the involvement of international law. The Louisiana Supreme Court has stated that an attorney must "'exercise at least that degree of care, skill, and diligence which is exercised

by prudent practicing attorneys in [their] locality.'"[40] Accordingly, the standard of care utilized by Defendants should have been that of an attorney in the New Orleans/Metairie area who is practicing abroad. This situation creates unique considerations regarding the standard by which Defendants should be judged and is best considered with the aid of expert testimony.

Plaintiff's 56-page opposition to this Motion is riddled with various conclusory allegations of negligence against Defendants. She has provided no expert testimony (and scant evidence) to establish the standard by which Defendants' conduct should be judged or that Defendants were negligent in that conduct. In addition, none of her claims allege conduct that is so obviously negligent that a "lay person would recognize it as falling beneath the necessary standard of care."[41] Accordingly, Plaintiff cannot prove essential elements of a legal malpractice action, and her failure to retain an expert is fatal to her claims.[42]

In deciding this Motion, this Court has taken particular note of Plaintiff's *pro se* status. Plaintiff has repeatedly reminded the Court that she is a *pro se* litigant, and she is correct that this Court possesses a "traditional disposition

---

[40] *MB Indus., LLC*, 74 So. 3d at 1184 (quoting *Ramp*, 269 So.2d at 244).

[41] *Id.* at 1185.

[42] *Id.*; *see Crescent City Prop. Redev. Ass'n, LLC*, 89 So. 3d at 1274 ("The Aldens have provided only conclusory statements to make their allegation that Attorney Hardy's engagement of Ms. Montgomery resulted in the loss of their case. The record is void of any evidence or expert testimony which supports their contention. Such conclusory statements are not sufficient to establish the requisite prima facie case because they do not contain facts which establish negligence on Attorney Hardy's part. These statements are merely the opinions of a non-prevailing party at the conclusion of litigation.").

of leniency toward *pro se* litigants."[43] This Court has provided considerable leeway to Plaintiff thus far, allowing Plaintiff to amend her complaint twice,[44] holding seven status conferences[45] and two settlement conferences,[46] and extending the deadline to submit expert reports by four months.[47] In deciding this Motion, this Court considered the entirety of Plaintiff's 56-page opposition, which exceeded the limit set by local rules by 31 pages,[48] scoured the record for any exhibits that may support her allegations because she attached none,[49] and allowed oral argument on this Motion at the pretrial conference.[50]

In *Fujita v. U.S.*, the Fifth Circuit held that a district court did not abuse its discretion in granting summary judgment and dismissing a *pro se* litigant's case when he was unable to designate an expert witness to establish the standard of care in a medical malpractice case.[51] The district court in that case had extended the expert report deadline several times, but the Fifth Circuit noted that it would have been justified in enforcing the deadline in its first extension, which gave the *pro se* plaintiff an additional two months to secure an

---

[43] *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[44] R. Docs. 14, 33.

[45] R. Docs. 16, 23, 34, 51, 62, 68, 80.

[46] R. Docs. 20, 77.

[47] R. Doc. 35.

[48] LR 7.7 ("Except with prior leave of court, a trial brief or memorandum supporting or opposing a motion must not exceed 25 pages . . . .).

[49] R. Doc. 76.

[50] R. Doc. 80.

[51] *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).

expert.[52] Likewise, this Court has provided Plaintiff with considerable leniency. It cannot, however, ignore her failure to establish a claim cognizable in law. Plaintiff's refusal to obtain expert testimony is fatal to her claims. Without expert testimony she cannot establish essential elements of her claim, and this Court has no choice but to grant summary judgment in her opponent's favor.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is GRANTED, and the plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 5th day of September, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[52] Id.